UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00056-GNS


ELITE LABOR SERVICES, LTD.                                              PLAINTIFF

v.


PCIJVKY, INC., et al.                                                   DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants Andrzej Zaniewski ("Zaniewski") and

Polish Connection, Inc.'s ("PCI") Motion to Set Aside Order for Entry of Default (DN 41).  The

motion has been fully briefed by the parties and is ripe for adjudication.  For the reasons outlined

below, the motion is **GRANTED**.

## I.       BACKGROUND

This action arises out of a staffing agreement ("Agreement") which was allegedly

breached by Defendants.  After filing this action, Plaintiff amended the Complaint and has

asserted claims against ten defendants including Andrzej Zaniewski ("Zaniewski") and Polish

Connection, Inc. ("PCI") (collectively "these Defendants").

Following service of process, Plaintiff moved for and was granted an entry of default

against these Defendants pursuant to Fed. R. Civ. P. 55(a).[1]  (Order Entry Default, DN 36).

Defendants move to set aside that entry of default.

## III.      DISCUSSION

---

[1] Default judgment, however, has not been entered against these Defendants.  *See generally Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190 (6th Cir. 1986) (explaining the difference between entry of default and default judgment and the lower legal standard for the former).

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause . . . ." "When a defendant seeks relief from a default . . . the district court enjoys considerable latitude under the 'good cause shown' standard." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "What constitutes good cause for setting aside an entry of default is within the discretion of the court." *Seye v. Cmty. Yellow Cab NK Mgmt., LLC*, 2011 U.S. Dist. LEXIS 94477, at *6 (E.D. Ky. Aug. 2, 2011) (citing 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2696 (2011)); *see also Krowtoh II LLC v. ExCelsius Int'l, Ltd.*, 330 F. App'x 530, 534 (6th Cir. 2009) ("This Court reviews a district court's decision to deny a motion to set aside an entry of default for an abuse of discretion." (citation omitted)). In exercising this discretion, the Sixth Circuit has instructed courts to consider three equitable factors: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (internal quotation marks omitted) (quoting *Waifersong, Ltd.*, 976 F.2d at 292); *see also United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-46 (6th Cir. 1983) (setting forth the "good cause" standard in the Sixth Circuit and finding that the district court erred in reaching a determination of no good cause without considering all three factors)). These factors are to be balanced and will be addressed in turn. *Waifersong, Ltd.*, 976 F.2d at 292.

Under the first factor, the Court must consider these Defendants' behavior "in the general context of determining whether a petitioner is deserving of equitable relief." *Id.* For a defendant's conduct to be treated as culpable, "mere carelessness is not enough; rather, there must be 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777

(6th Cir. 2005) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

In this case, these Defendants have filed an affidavit by Zaniewski that states, *inter alia*, that Zaniewski contacted Defendant Templar Global Solutions, LLC ("Templar") immediately upon receipt of the First Amended Complaint naming these Defendants and that Defendant Joseph Morra ("Morra") told him "that Templar had hired counsel who was representing the entire Defendant group" and assured Zaniewski that these Defendants would be dismissed from the lawsuit "and therefore would not have to take any further actions."[2] (Defs.' Mot. Set Aside Order Entry Default Ex. 1 ¶¶ 13-14, DN 41-2). The affidavit disproves any intent to thwart judicial proceedings or reckless disregard for the effect of these Defendants' conduct on those proceedings; this factor therefore weighs in favor of setting aside the default. *See, e.g.*, *Ticketron v. Greene*, 92 F.R.D. 6, 7 (E.D. Pa. 1981) (finding that an individual defendant who turned over the complaint to codefendant's counsel and assumed counsel would also represent him was reasonable "and did not evidence a disregard for the judicial process).

Concerning the second factor, to assert a "meritorious defense" these Defendants do not have to demonstrate a likelihood of success, but simply must state a defense that is "good at law . . . ." *S. Elec.*, 146 F. App'x at 777 (citing *United Coin Meter Co.*, 705 F.2d at 845). The key to this inquiry focuses on "the determination of 'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting *INVST Fin. Grp., Inc.*, 815 F.2d at 399). "[T]he test is not whether the defendant will

---

[2] Plaintiff avers that this claim is "unreliable" and has submitted its own Affidavit of Counsel that such a conversation never took place. (Pl.'s Resp. Opp. Defs.' Mot. Set Aside Order Entry Default 2, DN 45 [hereinafter Pl.'s Resp.]; Pl.'s Resp. Opp. Defs.' Mot. Set Aside Order Entry Default Ex. 1, DN 45-1). In this context, however, the Court views any disputed facts in favor of the defendant. *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) ("[W]e must resolve all ambiguous or disputed facts in light most favorable to the defendant." (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987))).

win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985).

These Defendants allege several potential defenses, including improper service of process upon PCI, lack of subject matter jurisdiction due to incomplete diversity, and a defense on the merits of Plaintiff's claim, namely that these Defendants were not parties to the Agreement. (Defs.' Mem. 7-9). Although Plaintiff disputes at least these Defendants' subject matter jurisdiction argument (Pl.'s Resp. 3), the facts alleged by these Defendants would constitute one or more meritorious defenses if true. This factor therefore weighs in favor of setting aside the default.

Under the third factor, mere delay is insufficient to establish prejudice. *INVST Fin. Grp., Inc.*, 815 F.2d at 398 (6th Cir. 1987). For prejudice to occur, the setting aside of an entry of default "must 'result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion . . . .'" *S. Elec.*, 146 F. App'x at 778 (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Plaintiff has not claimed that it would be prejudiced by the setting aside of the entry of default against these Defendants. Based on the Court's review of the record, the opposite appears to be true given that the Answer of Defendants Morra and Templar was only filed on December 28, 2017. (DN 49).

Even if all three factors weighed in favor of keeping the default in place, the Court may still choose to overturn the default "because these three factors are to be considered equitably . . . as this Circuit highly favors giving each party its turn in court." *New London Tobacco Market, Inc. v. Ky. Fuel Corp.*, No. 12-91-GFVT, 2017 U.S. Dist. LEXIS 97338, at *13 (E.D. Ky. June 23, 2017) (citing *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010));

*see also Shepard*, 796 F.2d at 192 (noting our courts have a "policy of favoring trials on the merits . . . ."); *United Coin*, 705 F.2d at 845 ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases."). Given the balance of the factors and general preference for disposition on the merits, the Court finds that setting aside the entry of default against these Defendants is proper.

### V.    CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Order for Entry of Default (DN 41) is **GRANTED**. Defendants shall file their responses to the Second Amended Complaint within thirty (30) days of the entry of this order.

**Greg N. Stivers, Judge**
**United States District Court**
February 22, 2018

cc:     counsel of record