## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:17-CV-00056-GNS-HBB

**ELITE LABOR SERVICES, Ltd.**  **PLAINTIFF**

**VS.**

**PCIJVKY, INC.,** *et al.*  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Leave to File a Second Amended Complaint filed by Plaintiff Elite Labor Services. Ltd. (DN 98). Defendants Polish Connection, Inc. and Andrzej Zaniewski (collectively the "PCI Defendants") have responded in opposition (DN 105), and Elite has replied (DN 106). This matter is ripe for determination and for the reasons set forth below the motion will be **DENIED**.

### Nature of the Case

On September 29, 2016, Elite entered into a Staffing Agreement with Defendant PCIJVKY, Inc. (DN 1 Complaint ¶ 9). The Staffing Agreement provides that Elite will furnish PCIJVKY with temporary and day labor employees and will invoice PCIJVKY weekly for those services (Id. ¶ 11). In exchange, PCIJVKY agrees to pay Elite for the invoiced services upon receipt of the invoice and that all unpaid invoices will be considered in default after 14 days from the invoice date and will be charged a default charge of 1% per month (Id. ¶¶ 12, 13, 14). Further, under the Agreement, PCIJVKY agrees to pay the default charge together with all reasonable costs of collection which includes attorneys' fees (Id. ¶ 15).

On March 28, 2017, Elite filed a Complaint alleging it provided PCIJVKY with the agreed upon services from October 1, 2016 through November 15, 2016 and invoiced PCIJVKY for those services (DN 1 Complaint ¶¶ 16-22). The Complaint identifies by date, number, and amount the eight invoices Elite sent to PCIJVKY (Id. ¶ 17). Elite asserts that PCIJVKY did not pay the invoices despite multiple demands and that Elite continues to incur costs, including reasonable attorney fees, in its attempts to collect the amounts due under the Agreement (Id. ¶¶ 16-22). The Complaint indicates that Elite discovered PCIJVKY has never been incorporated under the laws of any state and is a partnership among Defendants Hua Chau, Joseph Morra, and Brian McDaniel (Id. ¶¶ 2-5). Elite asserts breach of contract, quantum meruit, attorneys' fees, fraud, and punitive damage claims against PCIJVKY, Chau, Morra, and McDaniel (Id. ¶¶ 23-52).[1]

On May 11, 2017, Elite filed its First Amended Complaint which adds the following Defendants: Templer Global Solutions, LLC; Denaro Associates, Inc.; Pawel Lach; AIM Solutions, L.L.C.; and the PCI Defendants (DN 14 ¶¶ 6-11). The breach of contract, quantum meruit, and attorneys' fees claims are unchanged (Id. ¶¶ 29-50). The fraud and punitive damage claims are revised to include Defendants Templer Global, Denaro Associates, Lach, and the PCI Defendants (Id. ¶¶51-56, 60-61). Additionally, the First Amended Complaint added a civil conspiracy claim against all named Defendants (Id. ¶¶ 57-59).

Agreed orders filed on July 10 and August 22, 2017 extended Defendants time to respond to the First Amended Complaint (DN 23, 32). On September 21, 2017, the Clerk of the Court entered an Order for Entry of Default against Defendants PCIJVKY, McDaniel, AIM, and the PCI Defendants because they failed to plead or otherwise defend against the First Amended Complaint (DN 36). On November 7, 2017, the Clerk of the Court entered an Order for Entry of Default

---

[1] This is a diversity based civil action under 28 U.S.C. § 1332(a) (DN 1 ¶ 6).

against Defendants Chau and Denaro Associates because they also failed to plead or otherwise defend against the First Amended Complaint (DN 44).

On December 28, 2017, Defendants Morra and Templar Global filed an answer to the First Amended Complaint (DN 49). On February 22, 2018, the Court granted a motion by the PCI Defendants to set aside the Order for Entry of Default (DN 41, 50). On March 21, 2018, they filed an answer to the First Amended Complaint (DN 51). Defendants Denaro Associates, Hua, and McDaniel remain in default for want of entering an appearance and filing an answer (DN 98 PageID # 770). Defendant Lach apparently resides in Poland and remains unserved (Id.).

The Scheduling Order filed on May 14, 2018, established several deadlines including motions to add parties and amend pleadings[2] (DN 60). Agreed Amended Scheduling Orders filed on November 1 and December 20, 2018 extended most of the original deadlines, including motions to add parties and amend pleadings (DN 65, 69).[3] But subsequently filed Orders, on August 7, 2019 and February 11, 2020, extended only the deadlines for completing all pretrial fact discovery and filing dispositive motions (DN 80, 93). Thus, April 30, 2019 is the latest deadline for motions to add parties and amend pleadings (DN 69).

On May 7, 2020, Elite filed its motion for leave to amend (DN 98 PageID # 769, 775-81).[4] Thus, it filed the motion 372 days after the latest deadline for motions to add parties and amend pleadings.

---

[2] October 31, 2018 is the original deadline for filing motions to add additional parties and amend pleadings (DN 60 ¶ 2).

[3] The Agreed Amended Scheduling Orders extended the deadline for filing motions to add additional parties and amend pleadings to December 31, 2018 and then to April 30, 2019 (DN 65, 69).

[4] Elite's motion also seeks an order modifying the scheduling order (DN 98). The Court conducted a telephonic status conference on May 22, 2020 (DN 102). As a result of the telephonic conference, the Court GRANTED in part and DENIED in part Plaintiff's motion to modify the scheduling order, indicating if Elites' motion for leave to amend is granted the deadlines will be extended by further agreement of the parties or order of the Court (Id.).

Elite's Motion

The Proposed Second Amended Complaint adds a wholly-owned subsidiary of Elite as an additional Plaintiff[5], 18 more Defendants[6], six new causes of action, and significantly more detail to the previously alleged breach of contract, quantum meruit, common law fraud, and civil conspiracy causes of action alleged in the First Amended Complaint (DN 98 PageID # 775-81; 98-4 PageID # 855-94).[7] Elite acknowledges that it must first show good cause under Fed. R. Civ. P. 16(b)(4) for its failure to timely seek leave to amend before the Court will consider whether the Proposed Amended Complaint is proper under Fed. R. Civ. P. 15(a)(2) (DN PageID # 778-80). To demonstrate its diligence, Elite describes how the PCI Defendants delayed for nearly a year its efforts to depose Andrzej Zaniewski as PCI's Rule 30(b)(6) designee (Id.).[8] Elite also explains that much of the factual basis for the Proposed Second Amended Complaint was provided by Andrzej Zaniewski, who testified about the formation of the joint venture[9], its actions in Kentucky and, despite his efforts to conceal ongoing efforts on behalf of the joint venture, that this joint venture was continuing under successor entities that the designee refused to identify (Id.). Elite

---

[5] Specifically, Elite seeks to add Elite Logistic Services, Inc. (DN 98-4 PageID # 855)

[6] The additional Defendants are individuals and businesses (Id. PageID # 855-58).

[7] Specifically, the Proposed Second Amended Complaint sets forth the following causes of action: Count I, common law fraud; Count II, aiding and abetting fraud; Count III, civil conspiracy; Count IV, constructive trust; Count V, breach of contract; Count VI, attorney fees; Count VII, quantum meruit; Count VIII, breach of fiduciary duty; Count IX, aiding and abetting breach of fiduciary duty; Count X, unjust enrichment; and Count XI, successor liability (Id. PageID # 865-94).

[8] These depositions were taken on November 14 and 20, 2019 (DN 106-1 and 106-2).

[9] Elite asserts that in the fall of 2016, Defendants Polish Connection, Inc. (a New Jersey corporation) and Denaro Associates, Inc. (a New Jersey corporation), and their respective principals, teamed up to form a joint venture with Defendants Templar Global Solutions, LLC (a Tennessee limited liability company) (DN 98 PageID # 769). The joint venture took place in Auburn, Kentucky and purportedly involved the hiring of over 100 employees to construct small mobile housing units to be used for disasters all over the world (Id.). Elite claims that in a matter of six weeks Defendants had duped it into paying $565.157 to laborers it supplied to construct at least five of emergency shelters fabricated with foam and composite materials that are the subject of this lawsuit (Id. at PageID # 769-70). Elite contends that several weeks later all of the Defendants accept Brian McDaniel fled Kentucky as quickly as they arrived (Id. PageID # 770).

indicates that after learning the joint venture is continuing, it issued, among other things, document requests to the Tennessee and Delaware Secretaries of State concerning the successor entities and it received information showing that many of the Defendants are incorporators, officers, directors and/or shareholders of the successor entities named in the Proposed Second Amended Complaint (Id.). Elite argues notwithstanding its diligence, it is doubtful that the April 30, 2019 deadline could have ever been met as it was impossible for Elite to have discovered the facts contained in the Proposed Second Amended Complaint until it took the deposition of Andrzej Zaniewski (Id.). Elite contends the Defendants will not be prejudiced by the additional information and causes of action in the Proposed Second Amended Complaint because a trial date has not been set and the discovery deadlines can be enlarged (Id.).

Elite argues the interests of justice are served by granting it leave to file the Proposed Second Amended Complaint (DN 98 PageID # 780-81 citing Fed. R. Civ. P. 15(a)(2)). For the forgoing reasons, Elite contends it has not unduly delayed seeking leave to file the Proposed Second Amended Complaint, it has provided due notice, it has not previously sought leave of Court to amend the pleadings, it has not exhibited "bad faith" as it has otherwise timely complied with all applicable rules of practice and procedure, and it has no "dilatory motive" as it has expeditiously prosecuted this lawsuit and will be available for trial at the first practicable date (Id.). Additionally, Elite contends there is no prejudice to Defendants if the Court grants leave to file the Proposed Second Amended Complaint because fact discovery remains open and a trial date has not yet been set (Id.).

Defendants' Response

The PCI Defendants oppose Elite's motion on two grounds (DN 105 PageID # 1407-21). One argument is that Elite has failed to demonstrate diligence as required by Rule 16(b)(4) (Id.

PageID # 1407-18). The PCI Defendants explain that Elite deposed Andrzej Zaniewski in November 2019 but waited approximately six months before filing its motion (Id.). The PCI Defendants accuse Elite of using the Proposed Second Amended Complaint to overcome pleading deficiencies identified in their motion for summary judgment (Id.). The PCI Defendants claim they will suffer significant prejudice because discovery is nearly completed, they have filed a motion for summary judgment, and the Proposed Second Amended Complaint will require a complete reopening of discovery because of the numerous new claims and new Defendants (Id.).

The second argument is that the Proposed Second Amended Complaint is improper under Fed. R. Civ. P. 15(a) because of undue delay, futility, and significant prejudice (DN 105 PageID # 1418-21). The PCI Defendants assert because Elite cannot establish that any of the Defendants owed it a fiduciary duty, the claims for breach of fiduciary duty and aiding in such a breach are futile as they cannot survive a motion to dismiss (Id.). The PCI Defendants contend the fraud claims are futile because Elite's corporate representative and employee admitted in their deposition testimony that they could not point to any specific false representations or material facts that were withheld by the PCI Defendants or any other Defendants (Id.). The PCI Defendants reason that Elite's civil conspiracy claim could not survive a motion to dismiss because it is merely a theory under which Elite may recover from multiple defendants for the underlying torts which, as explained above, cannot survive a motion to dismiss (Id.). The PCI Defendants contend that the Proposed Second Amended Complaint should not be allowed because it has all the indicia of being made in bad faith as Elite is making the new allegations to create a genuine issue of material fact to avoid summary judgment (Id.).

Elite's Reply

Elite asserts that the PCI Defendants never squarely addressed its claim that they delayed Elite's diligent efforts to depose Andrzej Zaniewski and that Elite could not have reasonably obtained the information prior to deposing Andrzej Zaniewski (DN 106 PageID # 1481-92). Elite identifies in more detail information Andrzej Zaniewski provided during both sessions of his deposition and information that Joseph Morra provided during his June 10, 2020 deposition (Id.).[10] Elite disputes the PCI Defendants' claim of prejudice by asserting that Zaniewski and his father are officers, directors, and/or shareholders of each of the successor entities to be added as Defendants, discovery is far from complete, and amending the Scheduling Order deadlines will prevent any prejudice (Id.).

Elite points out that the Court will consider its Proposed Second Amended Complaint and the PCI Defendants' summary judgment motion contemporaneously (Id.). Further, Elite contends that the new claims will survive a Rule 12(b)(6) motion to dismiss because the arguments of the PCI Defendants rely on matters outside the pleadings (Id.).

Discussion

The law is well settled, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir.2003) (*citing* Sosa v. Airprint Sys., Inc. 133 F.3d 1417, 1419 (1998)); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); McLean v. Alere, Inc., No. 3:12-CV-566-DJH, 2015 WL 1638341, at *1 (W.D. Ky. April 13, 2015). The Sixth Circuit has indicated "[t]he primary

---

[10] Elite asserts that Joseph Morra's testimony indicates Andrzej Zaniewski's father, Andrzej Zaniewski senior or "Kaz", is controlling the whole joint venture (DN 106 PageID # 1485 citing DN 106-4). Elite accuses the PCI Defendants of omitting this important information about Kaz Zaniewski in their written responses to Elite's first set of interrogatories (DN 106 PageID # 1485).

7

measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge, 281 F.3d at 625 (citation and internal quotations omitted); *see also*, Leary at 906 (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension."). This "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (quoting Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge, 281 F.3d at 625 (citation omitted).

The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indemnity Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing Leary, 349 F.3d at 906, 909; Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

Here, April 30, 2019 is the final amendment to the Scheduling Order deadline for motions to add parties and amend pleadings (DN 69). Thus, in determining whether Elite has satisfied the "good cause" standard in Rule 16(b)(4), the Court must assess its diligence in attempting to meet the April 30, 2019 deadline. Elite has done a more than admirable job of depicting its diligence in both scheduling and conducting Andrzej Zaniewski's deposition on November 14 and 20, 2019.

Elite has also provided credible explanations why the information Andrzej Zaniewski provided is significant to the Proposed Second Amended Complaint, why Elite was unaware of this significant information prior to deposing Andrzej Zaniewski, and why Elite could not have reasonably obtained this significant information from other sources prior to deposing Andrzej Zaniewski. Further, Elite has adequately demonstrated that the Proposed Second Amended Complaint is based on the information it obtained from deposing Andrzej Zaniewski and documents it requested from the Tennessee and Delaware Secretaries of State.

What Elite has not substantively explained is why, after obtaining this critical information from Andrzej Zaniewski, it allowed more than five months to pass before filing its motion for leave to amend on May 7, 2020 (DN 98).  Nor has Elite explained why it waited approximately five months before circulating to the parties a proposed agreed order that would have amended the April 30, 2019 deadline (DN 98 PageID # 774; DN 98-5 PageID # 931).  These omissions are fatal to Elite's effort to demonstrate diligence in attempting to meet the April 30, 2019 deadline for filing motions to add parties and amend pleadings.

## ORDER

**IT IS HEREBY ORDERED** that Elite's motion for leave to file a second amended complaint, DN 98, is **DENIED**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

July 7, 2020

Copies:  Counsel