UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00056-GNS-HBB

ELITE LABOR SERVICES, LTD.                                                                              PLAINTIFF

v.

PCIJVKY, INC., et al.                                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Memorandum Opinion & Order denying Plaintiff's Motion for Leave to File a Second Amended Complaint (DN 111). For the reasons discussed below, the objection is **OVERRULED**.

### I.   STATEMENT OF FACTS

On September 29, 2016, Plaintiff Elite Labor Services Ltd. ("Elite") entered into a staffing agreement ("Agreement") with Defendant PCIJVKY, Inc. ("PCIJVKY"). (Compl. ¶ 9, DN 1). Under the terms of the Agreement, Elite agreed to provide temporary and day labor employees to PCIJVKY and invoice PCIJVKY weekly for those services. (Compl. ¶ 11).

On March 28, 2017, Elite filed this action alleging it provided PCIJVKY with the agreed upon services from October 1, 2016, through November 15, 2016, and that PCIJVKY did not pay its weekly invoices despite multiple demands, causing Elite to incur ongoing costs in attempting to collect the amounts owed. (Compl. ¶¶ 16-22). The Complaint indicates Elite discovered PCIJVKY has never been incorporated and is a partnership among Defendants Hua Chau ("Chau"), Joseph Morra ("Morra"), and Brian McDaniel ("McDaniel"). (Compl. ¶¶ 2-5). Elite asserts claims for breach of contract, *quantum meruit*, and fraud against PCIJVKY, Chau, Morra, and McDaniel. (Compl. ¶¶ 23-52).

On May 11, 2017, Elite filed the Amended Complaint adding additional claims and the following Defendants: Polish Connection, Inc. and Andrzej Zaniewski (collectively "PCI Defendants"); Templar Global Solutions, LLC; Denaro Associates, Inc.; Pawel Lach; and AIM Solutions, L.L.C. (Am. Compl. ¶¶ 6-11, DN 14). On March 21, 2018, the PCI Defendants filed an answer to the First Amended Complaint. (Defs.' Answer, DN 51). The Magistrate Judge issued the scheduling order on May 14, 2018. (Scheduling Order, DN 60). On December 20, 2018, the parties entered an agreed scheduling order extending the deadline to amend the pleadings until April 30, 2019, and the deadline to complete pretrial fact discovery to June 1, 2019. (Agreed Scheduling Order 1, DN 69). Although subsequent orders extended deadlines for completing pretrial discovery and filing dispositive motions, the April 30, 2019, deadline for amending the pleadings remained. (Order, DN 80; Agreed Order Amending Scheduling Order, DN 93).

The impetus of Elite's proposed Second Amended Complaint was the deposition testimony of Andrzej Zaniewski ("Zaniewski"), PCI Defendants' Rule 30(b)(6) designee. (Mem. Op. & Order 4, DN 108). Despite the dilatory conduct of PCI Defendants, Elite pursued discovery and was able to eventually depose Zaniewski on November 10 and 20, 2019. (Pl.'s Mot. Modify Scheduling Order 10, DN 98). After Zaniewski's deposition in November 2019, Elite did not file its motion for leave to file the Second Amended Complaint until May 7, 2020. (Pl.'s Mot. Modify Scheduling Order).[1] The Magistrate Judge, fully briefed on the issue, denied Elite's motion. (Mem. Op. & Order 1). The Magistrate Judge held that, although Elite had done an "admirable

---

[1] Elite's motion also sought to modify the scheduling order and stay briefing on Defendant's Motion for Summary Judgment. (Pl.'s Mot. Modify Scheduling Order 14, 15). The Court conducted a telephonic status conference on May 22, 2020. (Order, DN 102). The Court granted in part and denied in part Elite's motion to modify the scheduling order, indicating if Elite's motion for leave to amend were granted the deadlines would be extended by further agreement of the parties or order of the Court. (Order 1-2). The Court also denied Plaintiff's Motion to Stay briefing on the dispositive motion. (Order 1).

job of depicting its diligence in both scheduling and conducting [the] deposition" and "provided credible explanations . . . why Elite could not have reasonably obtained this significant information from other sources", Elite ultimately failed to explain why after obtaining the information in November it waited until May before circulating a proposed order to extend the deadline and filing its motion to amend. (Mem. Op. & Order 8-9). On July 17, 2020, Elite objected to the Magistrate Judge's ruling. (Pl.'s Obj., DN 111).

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) provides that the district court judge must consider objections to a magistrate judge's order on a non-dispositive matter and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." A "magistrate judge's factual findings are reviewed under the clearly erroneous standard." *Scott-Warren v. Liberty Life Assurance Co. of Bos.*, No. 3:14-CV-00738-CRS-CHL, 2016 WL 5661774, at *3 (W.D. Ky. Sept. 29, 2016) (citation omitted). "A factual finding is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citation omitted). This "standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id.* (internal quotation marks omitted) (citation omitted). Alternatively, a "magistrate judge's legal conclusions are subject to the plenary 'contrary to law' standard." *Id.* (citation omitted). "A legal conclusion is contrary to law when it contradicts or ignores applicable legal principles found in the Constitution, statutes, and case precedent." *Id.* (citations omitted).

## III.     DISCUSSION

Elite contends the Magistrate Judge's ruling denying its leave to amend is contrary to law and its findings are clearly erroneous. (Pl.'s Obj. 2). "[W]here a party seeks to amend its pleadings

after a deadline set by court order, the party is effectively asking the court both to amend the scheduling order and for leave to amend its pleadings, and the party must show good cause in order to procure the court's consent." *Woodcock v. Ky. Dep't of Corr.*, No. 5:12-CV-00135-GNS-LKK, 2016 WL 3676768, at *1 (W.D. Ky. July 6, 2016) (alteration in original) (quoting *Hildebrand v. Dentsply Int'l, Inc.*, 264 F.R.D. 192, 198 (E.D. Pa. 2010)). "Because the Court had previously entered a scheduling order . . . dictating the deadlines for amending the pleadings, 'that rule's standards control.'" *Id.* (citation omitted). Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citation omitted).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). "In other words, to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." *Woodcock*, 2016 WL 3676768, at *2 (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). "[I]n addition to Rule 16's explicit "good cause" requirement, . . . a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Leary*, 349 F.3d at 909.

Elite contends that "[e]xisting Sixth Circuit precedent required Plaintiff to demonstrate only 'diligence in attempting to meet the case management order's requirements' and the absence of prejudice to the non-moving party." (Pl.'s Obj. 6). It argues that the Magistrate Judge erred in imposing an additional obligation that a party seeking modification of a scheduling order must do

4

so immediately after learning modification is required. (Pl.'s Obj. 5). Accordingly, Elite asserts, "[t]he consideration undertaken by the Court in its Memorandum Opinion and Order of these additional requirements is contrary to law." (Pl.'s Obj. 6).

Courts analyzing the good cause requirement under Rule 16(b) have commonly considered a party's diligence in both pursuing discovery and seeking modification. *See, e.g.*, *Shaw v. City of Dayton*, No. 3:13-CV-210, 2015 WL 13632429, at *3 (S.D. Ohio Dec. 18, 2015) ("Plaintiff diligently pursued discovery *and promptly moved for leave to file the First Amended Complaint after discovery of the facts supporting amendment*." (emphasis added)); *Lacer v. Toyota of Bowling Green*, No. 1:18-CV-00013-GNS-HBB, 2018 WL 5815567, at *3 (W.D. Ky. Nov. 6, 2018) ("She moved to amend the complaint within a reasonable amount of time after acquiring the information."). The Magistrate Judge correctly held that although Elite diligently pursued the deposition, it was dilatory in pursuing its motion to amend the scheduling deadlines.

Elite also argues the Magistrate Judge's ruling was clearly erroneous in finding that Elite had failed to explain why it waited nearly six months to file its motion. (Pl.'s Obj. 6). Elite first asserts that discovery remained open and no trial date had been set when it filed its motion. (Pl.'s Obj. 6, 7). It does not explain, however, why this excuses the failure to move after discovering the only information that brought about its motion. Elite also points to the parties' inability to reschedule a deposition with Morra, the only other individual party defendant, until June due to COVID-19. (Pl.'s Obj. 6-7; Notice Dep. Morra, DN 104). Any difficulty in scheduling a deposition or the importance of Morra's testimony, however, is wholly irrelevant as Elite deposed Morra after it moved to amend. Elite contends that the liberal pleading standards favor amendment when the plaintiff has complied with the rules and has not previously sought leave, there is no prejudice, and the delay in seeking the leave was "due in significant part to 11+ month delay in

5

producing PCI's corporate representative for deposition." (Pl.'s Obj. 7-8). Regardless that Rule 15 is inapplicable at this stage, the eleven-month delay may have deferred gathering the information, but it still does not explain why Elite waited more than five months to act on it. Elite's objection is overruled.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Objection (DN 111) is **OVERRULED**.

Greg N. Stivers, Chief Judge
United States District Court

January 25, 2021

cc: counsel of record