*Court Copy*

FILED

JAMES J. VILT, JR. - CLERK

AUG 13 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00056-GNS-HBB

ELITE LABOR SERVICES, LTD.                                         PLAINTIFF

v.

PCIJVKY, INC., et al                                              DEFENDANTS

## JURY INSTRUCTIONS

These instructions will be in three parts: (1) general rules that define and control your duties as jurors, (2) rules for your deliberations, and (3) the rules of law that you must apply in deciding whether the parties have proven their claims. A copy of these instructions will be available to you in the jury room.

## I.     GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. First, you must decide what the facts are based on the evidence you saw and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law as I have described it, apply it to the facts, and decide if Plaintiff has proved its claims by according to its evidentiary burden. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of trial to follow my instructions as given, even if you personally disagree with them. This includes the instructions I gave you both before and during the trial, and these instructions. All the instructions are important and should be considered together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is any different from what I have said, you must follow what I have said. What I have said about the law controls.

1

C.S.

Perform these duties fairly, and do not let any bias, sympathy, or prejudices that you may feel toward one side or the other influence your decision in any way.

A.   <u>**Evidence**</u>

You must make your decision based on the evidence you saw and heard in court. This consists of sworn testimony of witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings, comments, and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. I may have ordered you to disregard things you saw or heard, or I struck things from the record. You must completely ignore all these things. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

B.   <u>**Direct & Circumstantial Evidence**</u>

Now, some of you may have heard of the terms "direct evidence" and "circumstantial evidence." Let me explain what those mean.

Direct evidence is simply evidence like the testimony of an eyewitness, which if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

C.     **Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

3

G.S.

(c)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e)     Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

8/13/2021 12:11:00 PM

D.     **Lawyers' Objections**

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

E.     **Liability of Corporations**

During trial, you will have heard the names of different entities that are corporations. The fact that these are corporations should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

III.     **JURY DELIBERATIONS**

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me

8/13/2021 12:11:00 PM

some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 3-3, or 3-, or whatever your vote happens to be.  That should stay secret until you are finished.

A.     **Experiments, Research, Investigation, and Outside Communication**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, or computer, the internet, any Internet service, or any text or instant messaging service, or social media, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use electronic means to investigate or communicate about the case because it is important that you decided this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the

parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.**   **Duty to Deliberate**

Now that all evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-your vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussion in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the plaintiff has established every essential element of her claim by clear and convincing evidence as to each claim.

**C.**   **Unanimous Verdict**

Your verdict, whether it is liable or not liable, must be unanimous as to each count.

To find a defendant liable, every one of you must agree that Elite Labor Services, Ltd. has satisfied its evidentiary burden as to that claim.

To find a defendant not liable, every one of you must agree that Elite Labor Services, Ltd. has failed to satisfy its evidentiary burden as to that claim.

Either way, liable or not liable, your verdict must be unanimous as to each count.

**D.**     **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**E.**     **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if Elite Labor Services, Ltd has proved a defendant liable under its evidentiary burden.

## II.   RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  Below, I will explain the elements of the claims that the Defendants are alleged to have committed.

## INSTRUCTION NO. 1
### Burden of Proof

For the claims, the standard of proof is "clear and convincing" evidence.

"Clear and convincing" evidence leaves no substantial doubt in your mind. It is proof that establishes in your mind that the proposition at issue is highly probable.

**Proceed to Instruction No. 2**

10

## INSTRUCTION NO. 2
### Fraud

Elite Labor Services, Ltd. sued the Defendants for fraud.  For you to find one of the defendants liable, you must find that Elite Labor Services, Ltd. has proved each and every one of the following elements by clear and convincing evidence:

(A)   A defendant made a material representation of fact to Elite Labor Services, Ltd. regarding the Auburn engagement;

(B)   The representation was false;

(C)   The representation was known to be false or was made recklessly;

(D)   The representation was made with the intention that it be acted upon;

(E)   Elite Labor Services, Ltd. acted in reliance on the representation; and

(F)   The representation caused injury to Elite Labor Services, Ltd.

**Proceed to Instruction No. 3**

11

## INSTRUCTION NO. 3
### Fraud:  Corporations & LLCs

(1)    One of the parties to this lawsuit is a corporation and another is a limited liability company ("LLC").  Below, I will explain how to evaluate the conduct of corporations and LLCs for purposes of fraud.

(2)    A corporation or LLC can only act through its agents.  An agent includes an officer of the corporation or LLC, an employee, or an individual given the authority to act on its behalf.

(A)    For example, a corporation or LLC can delegate its authority to an agent under a written power of attorney.  A written power of attorney provides the agent with all the rights of the corporation or LLC as outlined in the agreement.  Alternatively, a corporation or LLC through its officer can simply delegate by word or action its general authority, or special authority with respect to specific transactions.  An agent's authority can be established by circumstantial evidence including the acts and conduct of the parties, such as the continuous course of conduct of the parties covering a number of successive transactions.

(3)    Corporations and LLCs are charged with knowledge of facts that their agent knows or has reason to know.  Similarly, the fraud of an agent, perpetrated in the course of his or her agency, is imputed to the corporation or LLC, even though it may have been unauthorized or done solely for the agent's own benefit.  For an agent's fraud to be within the "course of his or her agency", the conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.

(4)    A corporation or LLC is not liable for an agent's fraud perpetrated outside the "course of his or her agency", unless the corporation or LLC later ratified the act.  A corporation or LLC ratifies an act when it accepts the benefits of an agent's fraud, with knowledge of the material facts surrounding the transaction.

12

8/13/2021 12:11:00 PM

(5)     An agent, himself, is personally liable for the fraud he perpetrates, even if he was acting for the corporation or LLC at the time.  An agent is not liable, however, for the fraud of others in the corporation or LLC, merely by virtue of his or her position within it.  Shareholders of a corporation and members of an LLC are also personally liable for the fraud they perpetrate. Simply put, one who personally commits fraud is personally liable.

(6)     Finally, I will explain some of terms necessary for you to determine if Elite Labor Services, Ltd. has proven each and every element of its fraud claim.

**Proceed to Instruction No. 4**

8/13/2021 12:11:00 PM

G.s.

## INSTRUCTION NO. 4
### Fraud: Elements

(1)    A representation of fact is "material" if it was likely to affect the conduct of a reasonable person.  For example, in the context of contractual negotiations, a fact is material if it was important to the determination of whether to enter the agreement.  A fact, however, is not material if it is unimportant, peripheral, or tangential to the contract.  Materiality must, ultimately, be judged in the totality of the circumstances.

(2)    An indirect representation to Elite Labor Services, Ltd. may be a misrepresentation when the maker of the misrepresentation knows the recipient may probably, or will to a substantial certainty, repeat it to Elite Labor Services, Ltd. for the purpose of influencing the conduct of Elite Labor Services, Ltd in a particular transaction.   The misrepresentation must be made for the purpose of having it repeated in terms or communicated in substance to Elite Labor Services, Ltd. The maker need not have an interest in the particular transaction. The recipient may also make a misrepresentation by relaying the representation to Elite Labor Services, Ltd.

(3)    A statement of "fact" is a statement about the past or the present.  A statement of fact cannot be a statement of opinion.  Similarly, a statement of fact is not a mere promise to do something in the future.  Note, however, as a promise implies the intent to uphold it, a promise made without the intent to uphold it is a misrepresentation of fact.  For example, if a party represents his or her intentions to do something later—knowing at the time he had no intention of doing it—this is a misrepresentation of fact.  So, although it is not fraudulent for a party to breach a promise or later change his or her mind, it is fraudulent for a party to trick another into a contract without intending to carry it out.

(3)    A representation is "false" when it is not true.

(4)     A defendant must have known a representation was false or have possessed a reckless disregard for the truth of his or her statement.  It is enough if the defendant believes the statement is false, does not have confidence in the accuracy of his or representation, or knows that he or she does not have the basis for the representation.  It is not enough, however, if the statement was made negligently.

(5)     A defendant must have made the representation with the intention of deceiving Elite Labor Services, Ltd., and inducing Elite Labor Services, Ltd. to act upon it.  The intent to defraud need not be shown by direct evidence; it may be inferred from all the facts and circumstances surrounding the defendants' actions.  For example, it may be inferred from examining the scheme itself which demonstrates that the scheme was reasonably calculated to deceive persons of ordinary prudence and comprehension.

(6)     Elite Labor Services, Ltd. must show that it, in fact, relied upon the misrepresentation.  It is enough if the misrepresentation played a substantial part in influencing reliance by Elite Labor Services, Ltd.

(7)     Elite Labor Services, Ltd. must have reasonably relied on the misrepresentation, as well.  For example, when entering into a contract a party must exercise ordinary care for his or her own protection.  The knowledge or experience possessed by that party is relevant to this determination; when a party has special knowledge, experience, and competence, it may have been unreasonable to rely on a statement for which the ordinary person could have relied.  Similarly, if a party has the opportunity to verify a misrepresentation through ordinary vigilance or inquiry but does not, it may have been unreasonable to rely on the statement.  In short, the law imposes upon parties to a contract a duty to exercise common sense.  On the other hand, the extent of confidence a party was entitled to place in the other party is relevant to whether reliance was reasonable.  For

15

example, where the parties have developed a relationship over the course of prior transactions, reliance on a misrepresentation may become reasonable.

(8)   Elite Labor Services, Ltd. must finally show that the misrepresentation caused it harm. The misrepresentation caused harm if it was a substantial factor in determining the course of conduct that resulted in loss.

(9)   Do you find by clear and convincing evidence that Elite Labor Services, Ltd. has proved each and every element of its fraud claim for the following parties? If so, mark "Yes"; if not, mark "No".

| | | |
|---|---|---|
| Polish Connection, Inc. | ___ Yes | ✓ No |
| Templar Global Solutions, LLC | ___ Yes | ✓ No |
| Hua Chau | ___ Yes | ✓ No |
| Joseph Morra | ___ Yes | ✓ No |
| Brian McDaniel | ___ Yes | ✓ No |

_____          _____
FOREPERSON

_08-13-21_
DATE

**If you marked "No" to every party above, stop and notify the Court Security Officer that you have reached a verdict.**
**If you marked "Yes" to any party above, proceed to Instruction No. 5**

16

### INSTRUCTION NO. 5
**Damages:  Fraud**

Now you must determine the amount of damages sustained by Elite Labor Services, Ltd. The measure of damages for fraud is the actual monetary loss sustained.  Elite Labor Services, Ltd. is entitled to recover damages that would place it in the same position as it would have occupied had it not been defrauded.

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.  Concerning this claim, if you should find that the defendants have proved that Elite Labor Services, Ltd. failed to seek out or take advantage of an opportunity to reduce or minimize the loss of damage that was reasonably available to it under all the circumstances shown by the evidence, then you should reduce the amount of damages by the amount Elite Labor Services, Ltd. could have reasonably realized if it had taken advantage of such opportunity.

What total sum of damages do you find from the evidence will reasonably and fairly compensate Elite Labor Services, Ltd. for the loss sustained?

$_____
(Not to exceed to $621,003.76)

_____
FOREPERSON

_____
DATE

**Proceed to Instruction No. 6.**

17

8/13/2021 12:11:00 PM

### INSTRUCTION NO. 6
#### Civil Conspiracy

(1)    Elite Labor Services, Ltd. also sued the Defendants for civil conspiracy to defraud. A civil conspiracy to defraud is an agreement or combination between alleged conspirators to defraud another by some concerted action. Civil conspiracy allows Elite Labor Services, Ltd. to hold a defendant responsible for the fraud of another. For you to find a defendant liable for civil conspiracy you must find that Elite Labor Services, Ltd. has proved each and every one of the following elements by clear and convincing evidence:

(A)    An unlawful or corrupt agreement or combination;

(B)    Between two or more persons;

(C)    For the purpose of defrauding Elite Labor Services, Ltd.;

(D)    Through concerted action

(2)    Note that several parties alleged to be co-conspirators are corporations or limited liability companies. Remember, corporations and LLCs can only act through their agents. When an agent of a corporation or LLC in the course of his agency enters a conspiracy to defraud another, the corporation or LLC has entered the conspiracy. A corporation or LLC cannot, however, conspire with itself. For example, a corporation or LLC cannot join a conspiracy with its own agent when the agent is acting in the course of his agency, but can, instead, join a conspiracy when its agent conspires with other outside third parties. Similarly, a corporation or LLC cannot join a conspiracy when its agent merely conspires with another agent of the same corporation or LLC if both are acting within the course of their agency, but can join a conspiracy when its agent conspires with its other agent who is acting outside the course of his agency—i.e., for personal reasons with an independent stake in achieving the object of the conspiracy.

(3)    Remember, an agent is also personally liable for his or her wrongful conduct, even if the agent was acting for the corporation or LLC at the time.  Similarly, a shareholder of a corporation or member of an LLC is personally liable for his own conduct.

(4)    Now I will explain some of these terms necessary for you to determine whether Elite Labor Services, Ltd. has proved each and every element of its civil conspiracy claim.

**Proceed to Instruction No. 7.**

8/13/2021 12:11:00 PM

## INSTRUCTION NO. 7
### Civil Conspiracy: Agreement

(1)     Elite Labor Services, Ltd. must prove that a defendant made an agreement with another to defraud Elite Labor Services, Ltd.  The conspirators must have a shared objective, and all must agree—explicitly or implicitly—to do their part to achieve it.

(2)     A conspiracy is not proven by showing a mere relationship or association between the accused parties, nor can a finding of conspiracy be based only on suspicion.  On the other hand, direct proof of an agreement between conspirators will rarely be possible.  A conspiracy is usually shown by circumstantial evidence, such as meetings, shared motivations, and suggestive words.  Likewise, the agreement underlying a conspiracy need not be express; it may be implied between the parties.

**Proceed to Instruction No. 8.**

8/13/2021 12:11:00 PM

## INSTRUCTION NO. 8
### Civil Conspiracy: Concert of Action

(1)     To prove "concerted action", Elite Labor Services, Ltd. must prove a defendant either "acted tortiously pursuant to a common design," or "rendered substantial assistance to accomplish a tortious act."

(A)     To prove a defendant "acted tortiously pursuant to a common design", Elite Labor Services, Ltd. must show a defendant committed a tortious act in concert with another co-conspirator or pursuant to a common design with the co-conspirator.  Specifically, a defendant, in concert with others, must have been directly involved in the fraud perpetrated against Elite Labor Services, Ltd., which you found in Instruction No. 4.  Importantly, a mere common plan, design, or even express agreement is not enough; a defendant's conduct must be a tortious act in carrying out the agreement.

(B)     Alternatively, to prove a defendant "rendered substantial assistance to accomplish a tortious act", Elite Labor Services, Ltd. must show a defendant was an active and knowing participant in the scheme to defraud.  A defendant must have done more, however, than negligently fail to stop the injury or negligently allow the misconduct to go undetected.

(i)     For example, substantial assistance requires more than being a mere observer or simply knowing about the conspiracy to defraud Elite Labor Services, Ltd.  Substantial assistance may, however, include actively concealing material facts from Elite Labor Services, Ltd., which were known to the defendant, if it was a substantial factor in defrauding Elite Labor Services, Ltd.  Similarly, substantial assistance may include intentionally giving advice or encouragement to a co-conspirator, so long it was a substantial factor in defrauding Elite Labor Services, Ltd.  In determining whether any assistance is "substantial", rather than slight, you should consider the nature of the act encouraged, the amount of assistance given by the defendant,

the defendant's presence or absence at the time of the fraudulent conduct, and the defendant's relation to the co-conspirators and state of mind.

   (i) Elite Labor Services, Ltd. must also show that, when giving "substantial assistance" to a co-conspirator, the defendant knew a co-conspirator was defrauding Elite Labor Services, Ltd., or, if the defendant did not know, that the defendant, in fact, gave substantial assistance to a co-conspirator for that purpose by breaching some other duty to Elite Labor Services, Ltd.

  (2) Do you find by a clear and convincing evidence that Elite Labor Services, Ltd. has proved each and every element of its civil conspiracy claim with respect to the fraud you have found in Instruction No. 4 as to any of the following persons or parties?  If so, mark "Yes", including for any party or parties you have found committed fraud in Instruction No. 4; if not, mark "No".  You may find that a party below entered into the conspiracy with a party not named below.

| | | |
|---|---|---|
| Hua Chau | ___ Yes | ___ No |
| Joseph Morra | ___ Yes | ___ No |
| Brian McDaniel | ___ Yes | ___ No |
| Templar Global Solutions, LLC | ___ Yes | ___ No |
| Denaro Associates, Inc. | ___ Yes | ___ No |
| AIM Solutions, L.L.C. | ___ Yes | ___ No |
| Polish Connection, Inc. | ___ Yes | ___ No |
| Andrzej Zaniewski | ___ Yes | ___ No |

                                                            _____

FOREPERSON

8/13/2021 12:11:00 PM

_____

DATE

If you answered "No" to every party above, continue to Instruction No. 10 only if you found against Polish Connection Inc, Andrzej Zaniewski, or Templar Global Solutions, LLC under Instruction No. 4.

If you answered "Yes" to any party above, proceed to Instruction No. 9.

8/13/2021 12:11:00 PM

C.s.

## INSTRUCTION NO. 9
### Civil Conspiracy: Fault

You must now determine from the evidence the percentage of fault attributable to each person or entity listed below.  In determining the percentage of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between that conduct and the damages you found in Instruction No. 5.  Please indicate in the following blank spaces what percentage of the total fault was attributable to each of the parties you have found to be at fault.  You may only allocate a percentage of fault to a party you found in Instruction No. 8 to be part of the conspiracy.  You may make an award of compensatory damages against one or all of the Defendants, but the total apportioned fault must equal 100%.

| | |
|---|---|
| Hua Chau | _____ % |
| Joseph Morra | _____ % |
| Brian McDaniel | _____ % |
| Templar Global Solutions, LLC | _____ % |
| Denaro Associates, Inc. | _____ % |
| AIM Solutions, L.L.C. | _____ % |
| Polish Connection, Inc. | _____ % |
| Andrzej Zaniewski | _____ % |
| | _____ Total (100%) |

_____
FOREPERSON

_____
DATE

**If you apportioned fault to Polish Connection, Inc., Andrzej Zaniewski, or Templar Global Solutions, LLC., proceed to Instruction No. 10.  If you did not, please stop and notify the Court Security Officer you have reached a verdict.**

24

8/13/2021 12:11:00 PM

## INSTRUCTION NO. 10
### Punitive Damages

If you found for Elite Labor Services, Ltd. and awarded damaged under Instruction No 5, and if you are further satisfied by clear and convincing evidence that Polish Connection, Inc., Andrzej Zaniewski, or Templar Global Solutions, LLC acted toward Elite Labor Services, Ltd. with fraud or gross negligence, you may in your discretion award punitive damages against the defendant, in addition to compensatory damages already awarded in Instruction No. 5. Remember, again, a corporation can only act through its agents.

As used in this instruction:

"Punitive damages" are damages awarded for the purpose of punishing a defendant for its, his, or her misconduct in this case and deterring the defendant and others from engaging in similar conduct in the future.

"Fraud" means an intentional misrepresentation, deceit or concealment of material fact known to the defendant and made with the intention of causing injury to Elite Labor Services, Ltd.

"Gross negligence" means a reckless disregard for the rights or property of others.

Whether you make an award of punitive damages, in addition to the compensatory damages previously awarded, is a matter exclusively within your discretion. If, however, you award punitive damages, you should consider the following factors in determining the amount:

(a) The likelihood at the time of such misconduct by the defendant that serious harm would arise from it;

(b) The degree of the defendant's awareness of that likelihood;

(c) The profitability of the misconduct to the defendant;

(d) The duration of the misconduct and any concealment of it by the defendant; and

25

(e)     Any actions by the defendant to remedy the misconduct once it became known to the defendant.

Evidence of the defendant's conduct occurring outside Kentucky may be considered only in determining whether the defendant's conduct occurring in Kentucky was reprehensible, and if so, the degree of reprehensibility.  However, you must not use out-of-state evidence to award the Elite Labor Services, Ltd. punitive damages against the defendant for conduct that occurred outside Kentucky.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.  If you award punitive damages, you will state the amount separately from the sum or sums awarded under Instruction No. 5.

Do you find in your discretion that Elite Labor Services, Ltd. is entitled to punitive damages, not to exceed a total of $800,000?  If so, mark "Yes" and enter an amount, if any, to award; if not, mark "No".

| | | | |
|---|---|---|---|
| Polish Connection, Inc. | ___ Yes | ___ No | $_____ |
| Andrzej Zaniewski | ___ Yes | ___ No | $_____ |
| Templar Global Solutions, LLC | ___ Yes | ___ No | $_____ |

_____
FOREPERSON

_____
DATE

*******************************************

**Please notify the Court Security Officer that you have reached a verdict.**

8/13/2021 12:11:00 PM